UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

DEVIN SIMMONS,

Defendant.

_____/

Case: 2:25-cr-20663
Assigned To : McMillion, Brandy R.
Referral Judge: Patti, Anthony P.
Assign. Date : 9/4/2025
Description: IND US V SIMMONS (MRS)

Violations:   18 U.S.C. § 1343
              18 U.S.C. § 3147
              18 U.S.C. § 1028A

# INDICTMENT

THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. In response to the novel coronavirus disease (Covid-19) pandemic, the federal government took a number of steps to provide urgently needed financial assistance to the States.

2. The Families First Coronavirus Response Act (FFCRA), which became law on March 18, 2020, provided additional flexibility for State unemployment insurance agencies and additional administrative funding to respond to the Covid-19 pandemic.

3. The Coronavirus Aid, Relief, and Economic Security (CARES) Act was signed into law on March 27, 2020, and further expanded the ability of the States

1

to provide unemployment insurance (UI) for many workers impacted by the COVID-19 pandemic, including workers who are not ordinarily eligible for unemployment benefits.

4. The Federal Pandemic Unemployment Compensation (FPUC) program was created under the aforementioned statutes and allowed eligible individuals who are collecting certain UI benefits, including regular unemployment compensation, to receive an additional $600 in federal benefits per week for weeks of unemployment ending on or before July 31, 2020.

5. Additionally, the Pandemic Emergency Unemployment Compensation (PEUC) program was created and allowed those who have exhausted benefits under regular unemployment compensation or other programs to receive up to 13 weeks of additional, federally funded benefits

6. In order to obtain any of the above-referenced benefits, an individual needed to initiate a claim. The overwhelming majority of unemployment claims were filed online through state-organized websites. In most cases, in order to be eligible for unemployment benefits, a worker must demonstrate a certain level of earnings in several quarters immediately preceding the application. The amount of unemployment benefits that a claimant might be eligible for depends on a variety of factors, including, but not limited to, the length of his or her previous employment and the amount of wages he or she earned. However, under the programs outlined

above, certain individuals may have become eligible for UI benefits in the first instance, or eligible for a greater amount of UI benefits than they would have been if not for various federal programs.

7. Different states have different ways of providing claimants with UI benefits. Multiple states, including Michigan, provide benefits through the use of a prepaid debit card, issued by Bank of America and sent to the claimant through the mail. If a claim is approved, unemployment benefits are loaded onto the debit card(s) electronically, and additional benefits are loaded onto the card(s) electronically every two weeks. Alternatively, a claimant can provide a bank routing number and bank account in which to have their unemployment benefits directly deposited electronically. Additional benefits are then deposited into the bank account electronically every two weeks.

## COUNT ONE
18 U.S.C. § 1343
*Wire Fraud*

8. The allegations in paragraphs 1-7 are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

9. Beginning on a date unknown, but at least as early as April 24, 2020, and continuing through at least September 1, 2021, in the Eastern District of Michigan, the Defendant, Devin Simmons, with the intent to defraud, knowingly devised and executed a scheme and artifice to defraud and obtain

money by materially false and fraudulent pretenses, representations, and promises.

10. The purpose of the scheme and artifice to defraud was for Defendant to improperly and unlawfully obtain state and federal UI benefits.

11. It was part of the scheme and artifice to defraud that Defendant would submit false and fraudulent UI benefit claims across at least 12 separate states in both his own name and the names of various individuals, without those individuals' knowledge or approval.

12. It was further a part of the scheme and artifice to defraud that Defendant would use these individuals' social security numbers and other personally identifiable information (PII) in the course of the UI benefit claim submission process.

13. It was further a part of the scheme and artifice to defraud that, for each of the submitted UI benefit claims, the Defendant would falsely certify that the purported claimant was unemployed due to Covid-19.

14. It was further a part of the scheme and artifice to defraud that, for each of the submitted UI benefit claims, Defendant would either have funds directly deposited into his own PayPal account (for claims in his own name) or cause Bank of America to mail a debit card to an address within his control (for claims in others'

names). These debit cards were then loaded, electronically, with state and federal UI benefits by various state workforce agencies.

15.　It was further a part of the scheme and artifice that once Defendant obtained these debit cards, he would use them to make withdrawals from various ATMs in the Eastern District of Michigan.

16.　On or about the date set forth below, in the Eastern District of Michigan, for the purpose of executing or attempting to execute the above-described scheme and artifice to defraud and deprive, Defendant knowingly transmitted and caused the transmission by means of wire radio, or television communication in interstate or foreign commerce, the following writings, signs, signal, pictures, and sounds; with each transmission being a separate count of the indictment:

| **Count** | **Date of Transaction** | **Nature of Wire Transmission** | **Victim** |
|---|---|---|---|
| 1. | September 11, 2020 | Simmons Used "K.B.'s" Benefits Debit Card to Withdraw Cash from an ATM | K.K.[1] |

17.　As a result of this scheme, more than $150,000 in UI benefits were paid out on fraudulent claims in the names of others.

18.　All in violation of Title 18, United State Code, Section 1343.

---

[1] Agents interviewed K.K. who advised they had changed their name from K.B.

## COUNT TWO
### 18 U.S.C. § 1028A(a)(1)
*Aggravated Identity Theft*

19. The allegations in paragraphs 1 - 18 are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

20. On or about the dates listed below, in the Eastern District of Michigan, Southern Division, Defendant Devin Simmons, did knowingly possess, use and transfer, without lawful authority, one or more means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: Wire Fraud, in violation of 18 U.S.C § 1343, knowing that the means of identification belonged to another actual person:

| Count | Date of Use | Nature of Use | Victim |
|---|---|---|---|
| 2. | September 11, 2020 | Simmons Used "K.B.'s" Benefits Debit Card to Withdraw Cash from an ATM | K.K. |

21. Specifically, as part of the wire fraud scheme set forth in Count One, Defendant Devin Simmons, used a means of identification of another real person—specifically, a debit card issued in the name of "K.B."—in order to withdraw Unemployment Insurance benefits disbursed in the name of K.B.

22. All in violation of Title 18, United States Code, Section 1028A(a)(1).

## NOTICE OF ENHANCED PENALTY
18 U.S.C. § 3147 - Committing an Offense While on Release

23. The allegations in paragraphs 1 - 22 are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

24. Defendant Devin Simmons was released from custody pursuant to the Bail Reform Act of 1966, by way of an order dated June 25, 2019, from the United States District Court for the Eastern District of Michigan, Case No. 18-20641, which order notified said defendant of the potential effect of committing an offense while on pretrial release.

25. Beginning on or about April 24, 2020, and continuing through at least September 11, 2020, in the Eastern District of Michigan, and while on release as set forth above, the defendant, Devin Simmons, committed the felony offenses charged in Counts One and Two of this indictment, in violation of 18 U.S.C. §§ 1343, 1028A, subjecting him to the additional penalties set forth in 18 U.S.C. § 3147.

## FORFEITURE ALLEGATIONS

26. The allegations set forth in Count One and Two of this Indictment are hereby incorporated by reference for purposes of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461(c).

27. As a result of the forgoing violation of Title 18, United States Code, Section 1343, as charged in Count One of this Indictment, the Defendant shall forfeit

to the United States any property, real or personal, which constitutes, or is derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s), pursuant to Title 18, United States Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461(c).

28. <u>Substitute Assets</u>: If the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c).

29. <u>Money Judgment</u>: Upon conviction of the violations alleged in Count One of this Indictment, the United States will seek a forfeiture money judgment against the Defendant in an amount equal to the total amount of proceeds he obtained as a result of his violations of Title 18, United States Code, Section 1349 as alleged in this Indictment.

THIS IS A TRUE BILL

*s/ Grand Jury Foreperson*
_____
GRAND JURY FOREPERSON

JEROME F. GORGON, JR.
United States Attorney

*[signature]*
_____
JOHN K. NEAL
Chief, Anti-Corruption Unit

*[signature]*
_____
RYAN A. PARTICKA
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI  48226
(313) 226-9635
Ryan.Particka@usdoj.gov

Dated: 09/04/2025

9

| United States District Court<br>Eastern District of Michigan | Criminal Case Cove | Case: 2:25-cr-20663<br>Assigned To : McMillion, Brandy R.<br>Referral Judge: Patti, Anthony P.<br>Assign. Date : 9/4/2025<br>Description: IND US V SIMMONS (MRS) |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: R.P. |

Case Title: USA v. Devin Simmons

County where offense occurred : Wayne

Check One:    ☒ Felony    ☐ Misdemeanor    ☐ Petty

____Indictment/____Information --- no prior complaint.
_✓_Indictment/____Information --- based upon prior complaint [Case number: 25-30393           ]
____Indictment/____Information --- based upon LCrR 57.10 (d) [Complete Superseding section below].

## Superseding Case Information

Superseding to Case No: _____    Judge: _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges | Prior Complaint (if applicable) |
|---|---|---|
| | | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

09/04/2025
_____
Date

s/Ryan PArticka
_____
Ryan Particka
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9635
Fax:   313-226-2311
E-Mail address: Ryan.Particka@usdoj.gov
Attorney Bar #:

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

5/16